IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BILAL USMANI<br>14335 Lorain Avenue<br>Cleveland, Ohio, 44111<br><br>    On behalf of himself and all<br>    others similarly-situated<br><br>              Plaintiff,<br>   v.<br><br>SUSHI ROCK, LLC<br>15607 Madison Avenue,<br>Lakewood, Ohio, 44107<br><br>    **Serve also:**<br>    c/o Woodford & Cabernet<br>    Management, Statutory Agent<br>    P.O. BOX 39164<br>    Solon, Ohio 44139<br><br>        -and-<br><br>WOODFORD & CABERNET<br>MANAGEMENT, LLC<br>P.O. Box 39164<br>Solon, Ohio 44139<br><br>        -and-<br><br>GIUSEPPE GALLO<br>a.k.a Joe Gallo<br>7550 Ludwin Drive<br>Seven Hills, Ohio 44131<br>              Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT AND THE OHIO MINIMUM**<br>**FAIR WAGES STANDARDS ACT**<br><br>**(Jury Demand Endorsed Herein)** |

1. Defendants Sushi Rock, LLC, Woodford & Cabernet Management, LLC, and Guiseppe Gallo (a.k.a "Joe Gallo") ("Defendants") misclassified Plaintiff Bilal Usmani and other tipped employees in their restaurant and catering businesses as "subcontractors"; failed to provide Usmani or those similarly-situated with a tip-credit notice; and paid less than the legally

The Employee's Attorney.™      SPITZ LAW FIRM

required minimum wage. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 USC 203(m)(2) & (t); 29 CFR 531.59. On behalf of himself and all other similarly situated employees, Usmani brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

2. Just as Defendants' conduct violates the FLSA, so too does it violate the laws of Ohio. Defendants' failure to pay the proper minimum wage violates the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq* and Article II, Section 34a of the Ohio Constitution. Usmani, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other tipped employees who were misclassified by Defendants as "subcontractors" or as "independent contractors" and who were paid less than the legally required minimum wage. Members of the Rule 23 Class Action are hereinafter referred to as "**Ohio Class Members**."

## PARTIES

3. Usmani is an individual residing in Cuyahoga County, Ohio. Plaintiff performed work for Defendants within the last three years for which he did not receive the minimum wage guaranteed by the FLSA and/or the OMFSWA. Plaintiff's signed consent to sue form will be filed within the next twenty-one (21) days.

4. Sushi Rock, LLC is a limited liability company organized under the laws of the State of Ohio whose principal place of business is located at 15607 Madison Avenue, Lakewood, Ohio, 44107.

5. Sushi Rock operates a restaurant called "Agostino's Sushi Rock."



6. Prior operating under the name Agostino's Sushi Rock, Gallo operated a restaurant at the same address, 15607 Madison Avenue, Lakewood, Ohio, 44107, known as "Agostino's."

7. Agostino's relocated to Lakewood, Ohio from its prior location at 4218 Ridge Road, Cleveland, Ohio, 44144 in or around 2017.

8. At all times referenced herein, Gallo operated Agostino's under the trade name "Agostino's Ristorante & Pizzeria."

9. At all times referenced herein, Defendants also ran a catering business operating under the trade name "Agostino's Catering & Event Services" ("Agostino' Catering").

10. Agostino's Catering is another trade name registered by Gallo.

11. Woodford & Cabernet, LLC ("Woodford") is an Ohio limited liability company whose principal place of business is located at 15607 Madison Avenue, Lakewood, Ohio, 44107.

12. Woodford holds itself out as doing business as Sushi Rock and is register with the State of Ohio Division of Liquor Control as "dba Sushi Rock."[1]

13. Upon information and belief, Woodford is the parent company of Sushi Rock.

14. Agostino's Sushi Rock, Agostino's, Agostino's Catering, and Woodford are hereinafter referred to collectively as the "Agostino Defendants."

15. At all times material to the Complaint, Agostino Defendants shared equipment, supplies, and employees.

16. At all times referenced herein, Gallo controlled the day to day operations of the Agostino Defendants

17. At all times referenced herein, Gallo supervised and/or controlled employment of Usmani and those similarly-situated with Agostino Defendants and acted directly or indirectly in the

---

[1] Exhibit A.



interest of these businesses in relation to their employees, including their respective compensation practices; therefore Gallo is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the FLSA, 29 § U.S.C. 203(d).

18. The FLSA Collective Class Members are all current and former servers, bartenders, hosts, waiters, sushi cooks or other tipped employees in substantially similar positions and/or with similar job titles, that worked for Agostino Defendants at any time during the three-year period before the filing of this Complaint to present that were not provided with a tip credit notice and/or whom were paid less than the minimum wage.

19. The Ohio Class Members are all current and former servers, bartenders, hosts, waiters, sushi cooks or other tipped employees in substantially similar positions and/or with similar job titles, that worked for Agostino Defendants at any time during the two-year period before the filing of this Complaint to present that were not provided with a tip credit notice and/or whom were paid less than the minimum wage.

**PERSONAL JURISDICTION**

20. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

21. Usmani and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

22. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.



## SUBJECT MATTER JURISDICTION AND VENUE

23. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

24. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Usmani's state law claims because those claims derive from a common nucleus of operative facts.

25. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

26. During all times material to the Complaint, Defendants jointly employed Usmani and those similarly-situated as to constitute a single employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times material to the Complaint, the Agostino Defendants had a common business purpose, a unified operation, common ownership, and formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

28. At all times material to the Complaint, Usmani and those similarly-situated directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently

The Employee's Attorney.™ 

processing credit card payments to banks located inside of and outside of Ohio and selling and serving food and alcoholic beverages that originated outside of Ohio to residents of Ohio.

29. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

### (Facts Pertaining To Usmani's Employment With Defendants).

30. Usmani is a former employee of Defendants.

31. Usmani began his employment with Defendants in or around March of 2018.

32. At all times referenced herein, Usmani was paid only $3.00 per hour plus tips to work for Defendants as a waiter/server at Agostino's Sushi Rock.

33. In 2018, the minimum wage for tipped employees under Ohio law was $4.15 per hour plus tips.

34. In 2018, the minimum wage for employees for whom an employer may not claim tip credit was $8.30 per hour under Ohio law and $7.25 per hour under the FLSA.

35. Defendants told Usmani he was a "subcontractor" and required him sign paperwork to this effect.[2]

36. Defendants never provided Usmani with a tip credit notice despite their apparent use of a tip credit. Nor could Defendants do so, as they were not legally entitled to take a tip credit of $5.30 per hour. *See* 29 USC 203(m)(2).

37. As a result of Defendants' failure to provide Usmani with a tip credit notice or to pay Usmani the proper minimum wage for tipped employees, Defendants are liable to Usmani for the full

---

[2] Usmani is not in possession of the referenced paperwork, which is believed to be in the sole possession of Defendants.

The Employee's Attorney.™    SPITZ LAW FIRM

minimum wage ($8.30 per hour) for all hours he worked, offset only by actual wages Defendants otherwise paid Usmani. 29 USC 203(m)(2).

38. Usmani was paid by Defendants with personal checks with no tax withholding.

39. Usmani's employment with Defendants ended on or around May 11, 2018.

### (Facts Pertaining To Wage Violations Against The Putative Classes).

40. Defendants' failure to pay minimum wage was not limited to Usmani; Defendants have an admitted pattern and practice of labelling their tipped employees as "subcontractors" and paying these employees subminimum wages.[3]

41. Since at least November of 2017, Defendants have paid tipped employees of Agostino's Sushi Rock $3.00 or less per hour.

42. Upon information and belief, since at least September 5, 2015, Defendants have paid all of the FLSA Collective Class Members and Ohio Class Members who performed work for Agostino Defendants in a similar manner to how Usmani was paid, *i.e*, below the minimum wage.

43. Defendants told Usmani and those similarly-situated that they were "subcontractors."

44. Defendants required Usmani and those similarly-situated to sign paperwork that stated that they were independent contractors and/or "subcontractors."[4]

45. Usmani and those similarly-situated were not independent contractors; they were employees of Defendants.

46. The work of Usmani and those similarly-situated was integral to Defendants' businesses.

47. The employment of Usmani and those similarly-situated was not temporary and had no fixed end-date.

---

[3] Indeed, Defendants have admitted to an enterprise-wide scheme to underpay tipped staff, which Defendants improperly label as independent contractors. See ¶ 57-64 *infra*.

[4] Plaintiff is not in possession of the referenced documents, which are believed to be in the sole possession of Defendants.



48. Usmani and those similarly-situated were treated as at-will employees.

49. Usmani and those similarly-situated were not required to use managerial skills to realize a profit or a loss.

50. Usmani and those similarly-situated were economically dependent on Defendants and did not invest their own money, equipment, or supplies into Defendants' businesses.

51. The job duties of Usmani and those similarly-situated did not require special skills besides customer service skills and/or knowledge of how to make alcoholic beverages.

52. At all times material to the complaint, Defendants controlled the employment of Usmani and those similarly-situated, to include, but not limited to setting work schedules and establishing the rules, policies, guidelines, and standards of the work to be performed.

53. Usmani and those similarly-situated were not conducting their own businesses while in the employ of Defendants.

54. Despite being labeled by Defendants as an independent contractor, Usmani and those similarly-situated were in reality non-exempt employees of Defendants.

55. Defendants told Usmani and those similarly-situated that they were independent contractors or subcontractors so Defendants could avoid paying proper wages to these employees; paying payroll taxes, or carrying Worker's Compensation insurance.

56. Defendants willfully and intentionally misclassified Usmani and those similarly-situated as independent contractors and paid subminimum wages in order to reduce their labor cost as much as possible and to gain a competitive advantage over competitors who comply with the law.

57. Defendants violated the FLSA without any good faith or reasonable belief that their conduct complied with the law.



**(Defendants Have Admitted To A Common Scheme To Misclassify Tipped Employees And Pay Subminimum Wages).**

58. Subsequent to his termination, Usmani retained counsel for the purpose of pursuing claims against Defendants related to his employment, to include claims for Defendants' violations of the OMFWSA and Article II, Section 34a of the Ohio Constitution.

59. On or around July 19, 2018, Usmani, by and through counsel, sent Defendants a notice of claims detailing, *inter alia*, Defendants' violations of the OMFWSA and Article II, Section 34a of the Ohio Constitution by email, fax, and certified mail.[5]

60. Within half an hour of receiving an email containing a copy of Usmani's notice of claims, Gallo responded by email, stating "[s]o [t]o respond to these claims [Usmani] was an independent contractor 1099 sub contractor… [h]e was never an employee **as all staff are sub contractors** [sic]."[6]

61. Subsequently, Gallo wrote:

> So please submit what laws you are referring to? What federal or state laws say that we can't have independent employees? Your client was aware of this when he made the decision to take the position? So just don't throw language out there **we have many 1099 contractors in many operations we run.** Mr. Joe Gerome will be reaching out and as well the other people that had issues with Mr. Usmani will be writing affidavits for your review. You can threaten play all the games [sic] but I have been around and know the rules of the games you play in Court. Make sure you go to the next birthday party for the Judge you will need the back door for. The litmus test for Federal laws to determine weather [sic] or not the person will be classified as employee is if they are full time only with your operation. #2 if they are working several other positions at other businesses this will meet that they are not full time.[7]

---

[5] Usmani is separately pursuing claims related to his termination in other litigation being filed contemporaneously with the instant Complaint in the Cuyahoga County Court of Common Pleas.
[6] See Gallo email, attached as Exhibit B (**Emphasis** added).
[7] Exhibit B (**Emphasis** added).



62. Gallo's email constitutes an admission that Defendants have a practice and policy of misclassifying their "staff" as "subcontractors" and that Defendants believe that they do not have to pay at least the minimum wage to these employees.

63. Upon information and belief, and consistent with Gallo's email, Defendants do not pay any "subcontractors" employed by any business Defendants own or operate in accordance with the requirements of the FLSA or the OMFWSA.

64. Because Defendants tell the FLSA Collective Class Members and Ohio Class Members that they are subcontractors, Defendants did not and could not provide these employees with a valid and proper tip credit notice. Accordingly, Defendants are liable to the FLSA Collective Class Members and Ohio Class Members for the full minimum wage ($8.15 in 2016 and 2017, and $8.30 per hour 2018) for all hours these employees worked.

65. Defendants failed to pay Usmani or any other Class Member wages that equal or exceed the minimum wage imposed by the FLSA and the OMFWSA

66. Usmani and the FlSA Collective Class Members/Ohio Class Members have suffered damages as a result of Defendants' common, uniform policy of paying subminimum wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

67. Usmani incorporates by reference the allegations in the preceding paragraphs.

68. Usmani brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> all current and former waiters, host, bartenders, sushi cooks, and/or servers and all employees in substantially similar positions and/or with similar job titles who worked for Defendants either at Agostino's Ristorante, Agostino's Sushi Rock or Agostino's Catering & Event Services at any time during the three-year period before the filing of this Complaint to present.

69. Collective Action treatment of Usmani's FLSA claim is appropriate because Usmani and the



FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 37-64 *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## RULE 23 CLASS ACTION ALLEGATIONS

70. Usmani incorporate by reference the allegations in the preceding paragraphs.

71. Usmani brings his claims arising under the OMFWSA as a Rule 23 class action on behalf of the following class:

> all current and former waiters, host, bartenders, and/or servers and all employees in substantially similar positions and/or with similar job titles who worked for Defendants either at Agostino's Ristorante, Agostino's Sushi Rock or Agostino's Catering & Event Services at any time during the two-year period before the filing of this Complaint to present.

72. Usmani believes there are more than 25 individuals that fit into the class.

73. Upon information and belief, during the applicable two-year period in questions, and as a result of turnover, Defendants have employed more than 50 individuals that fit into the class.

74. The members of the classes are so numerous that their individual joinder is impractical.

75. The identity of the members of the Ohio Class is readily discernible from Defendants' records.

76. Usmani and the proposed Ohio Class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

77. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

11



a) Whether Usmani and the Ohio Class Members were denied pay at a rate not less than the minimum wage as proscribed by Ohio law;

b) Whether Defendant failed to properly classify Usmani and Ohio Class Members as employees under Ohio law;

c) Whether Defendant failed to properly provide a tip credit notice to Usmani and the Class Members as required by Ohio law; and

c) The calculation of damages.

78. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

79. Usmani's claims are typical of the claims of the class because Usmani is one of many "staff" members Defendants misclassified as independent contractors for the purposes of paying subminimum wages and to whom Defendants could not and did not provide notice of their intent to take a tip credit.

80. Usmani is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Usmani has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Usmani and his counsel.

81. The class action applying Ohio state law is superior to other available means of fair and efficient adjudication of the claims of Usmani and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants'



conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

82. Usmani restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. At all times material to the Complaint, Usmani and the FLSA Collective Class Members were not exempt from receiving minimum wage under the FLSA because as waiters, servers, bartenders, hosts, sushi cooks or other tipped employees, they were not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA because they were paid hourly. See 29 C.F.R. §§ 541.0, 541.602 *et seq.*

84. Defendants failed to provide notice to Usmani or the FLSA Collective Class Members of their intent to take a lawful tip credit against the minimum wage requirements of the FLSA. Accordingly, Usmani and the FLSA Collective Class Members were entitled to at least $8.10 per hour for all hours worked in 2015; $8.15 per hour for all hours worked in 2016 and 2017, and $8.30 per hour for all hours worked in 2018, notwithstanding the fact that these employees otherwise received tips.

13



The Employee's Attorney.™

85. Defendants failed to pay Usmani or the FLSA Collective Class Members the applicable minimum wage.

86. Defendants' violations of the FLSA were willful and/or reckless.

87. In violating the FLSA, Defendants acted without a good faith or reasonable basis for committing said violations.

88. As a direct and proximate result of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Usmani and the FLSA Collective Class Members for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

**COUNT II:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.**

89. Usmani incorporates by reference the allegations in the preceding paragraphs.

90. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

91. At all relevant times, Defendants have employed and continue to employ, "employees," including the Usmani and the Ohio Class Members within the meaning the OMFWSA.

92. In 2016, the OMFWSA required employers to pay a minimum wage to tipped employees of at least $4.05 per hour, and $8.10 per hour to employees for whom Defendants were ineligible to claim tip credit.

93. In 2016, Defendants failed to provide notice of their intent to take a tip credit to their tipped employees.

94. In 2016, Defendants failed to pay the Ohio Class Members $8.10 or greater per hour.

95. In 2016, Defendants failed to pay the Ohio Class Members $4.05 or greater per hour.



96. In 2017, the OMFWSA required employers to pay a minimum wage to tipped employees of at least $4.08 per hour, and $8.15 per hour to employees for whom Defendants were ineligible to claim tip credit.

97. In 2017, Defendants failed to provide notice of their intent to take a tip credit to their tipped employees.

98. In 2017, Defendants failed to pay the Ohio Class Members $8.15 or greater per hour.

99. In 2017, Defendants failed to pay the Ohio Class Members $4.08 or greater per hour.

100. In 2018, the OMFWSA required employers to pay a minimum wage to tipped employees of at least $4.15 per hour, and $8.30 per hour to employees for whom Defendants were ineligible to claim tip credit.

101. In 2018, Defendants failed to provide notice of their intent to take a tip credit to their tipped employees.

102. In 2018, Defendants failed to pay Usmani or the Ohio Class Members $8.30 or greater per hour.

103. In 2018, Defendants failed to pay Usmani or the Ohio Class Members $4.15 or greater per hour.

104. In denying compensation at the requisite Ohio minimum wage rate, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

105. As a direct and proximate result of Defendant's unlawful conduct, Usmani and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages.

106. Having violated the OMFWSA, Defendants are joint and severally liable to Usmani and the Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and


The Employee's Attorney.™

severally liable to Usmani and Ohio Class Members for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bilal Usmani requests judgment against all Defendants and for an Order:

a. Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals who were employed by Defendants at Agostino's, Agostino's Sushi Rock, and/or Agostino's Catering in any tipped position, to include, but not limited to waiters, host, bartenders, sushi cooks and/or servers and/or those with similar job titles who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

b. certifying this matter under Fed. R. Civ. P. 23 as a class action for Ohio wage and hour law violations pursuant to the OMFWSA;

c. Awarding all unpaid compensation due under the FLSA and OMFWSA to Usmani, the FLSA Collective Class Members and the Ohio Class Members;

d. Awarding Liquidated damages in an amount equal to all unpaid compensation due under the FLSA and OMFWSA to Usmani, the FLSA Collective Class Members and the Ohio Class Members;

e. Awarding Usmani, FLSA Collective Class Members and the Ohio Class Members attorneys' fees and costs incurred in pursuing this action as provided by the FLSA and the OMFWSA; and

f. Such other and further relief as may be necessary and appropriate.



Respectfully submitted,

*s/ Chris P. Wido*
Brian D. Spitz (0068816)
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Plaintiff Bilal Usmani*

## JURY DEMAND

Plaintiff Bilal Usmani demands a trial by jury by the maximum number of jurors permitted.

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

